1 **WO**                                                                                      BL

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8   Derek Edward Sawyer,                    )      No. CV 05-3300-PHX-MHM (JRI)
                                            )
9              Plaintiff,                   )      **ORDER**
                                            )
10  vs.                                     )
                                            )
11  Joseph M. Arpaio,                       )
                                            )
12             Defendant.                   )
                                            )
13

14          Plaintiff Derek Edward Sawyer, currently confined in the Maricopa County Durango

    Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1]  This action
15
    is one of more than one thousand lawsuits filed in this district since September 2004 alleging
16
    that the overcrowded conditions in the Maricopa County jail system have resulted in a variety
17
    of constitutional violations.  The Court will order Defendant Arpaio to answer the Complaint.
18
    **A.      Application to Proceed *In Forma Pauperis* & Filing Fee**
19
            Plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).
20
    Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of
21
    $250.00 for this action.  An initial partial filing fee of $32.65 will be assessed by this Order.
22
    28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to
23
    collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk
24

25          [1] Many inmates apparently believe that they will receive an immediate payout from a fund

26  established in <u>Hart v. Hill</u>, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The
    inmates in <u>Hart</u> asked for injunctive relief and not monetary damages.  The Court at this time
27  expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**  28

1    of Court.  Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the

2    preceding month's income credited to Plaintiff's trust account.  These payments will be

3    forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's

4    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5          Plaintiff should take notice that if he is released before the filing fee is paid in full, he

6    must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

7    release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of

8    his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why

9    he is unable to pay the remainder of the filing fee.

10   **B.       Statutory Screening of Prisoner Complaints**

11         The Court is required to screen complaints brought by prisoners seeking relief against

12   a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

13   § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

14   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

15   may be granted, or that seek monetary relief from a defendant who is immune from such

16   relief.  28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or portion

17   thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C.

18   § 1997e(a).

19   **C.       Complaint**

20         Plaintiff names as a Defendant Joseph M. Arpaio, Sheriff of Maricopa County,

21   alleging that he was responsible for civil rights procedures in Maricopa County.  Plaintiff

22   argues that his constitutional rights were violated by (1) unsanitary conditions in the food

23   service area because the food handlers are not trained to handle food and the food is

24   improperly prepared, stored, and served, (2) unsanitary conditions in the bathrooms because

25   the facilities are often broken, drinking water is not safe, and individuals cannot properly

26   clean up, resulting in exposure to various diseases and staph infections, (3) overcrowding,

27   resulting in claustrophobia, trouble breathing and sleeping, and fear for his safety.  Plaintiff

28   seeks monetary and other relief.

TERMPSREF                                                          - 2 -

1    **D.**      <u>**Claims to be Served**</u>

2        At this early stage, Plaintiff sufficiently alleges that his constitutional rights were

3 violated by (1) unsanitary conditions in the (1) food service area and (b) bathrooms, and

4 (2) overcrowding.  Defendant Arpaio will be ordered to answer the Complaint.

5    **E.**      <u>**Rule 41 Cautionary Notice**</u>

6        Plaintiff should take notice that if he fails to timely comply with every provision of

7 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

8 41(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-

9 61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of

10 the Court).

11 **IT IS THEREFORE ORDERED that:**

12        (1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 1) is granted

13 pursuant to 28 U.S.C. § 1915(a)(1).

14        (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

15 Plaintiff is assessed an initial partial filing fee of $32.65.  All fees shall be collected and paid

16 in accordance with this Court's Order to the appropriate government agency filed

17 concurrently herewith.

18        (3) The Clerk of Court shall send Plaintiff a service packet including the Complaint,

19 this Order, and both summons and request for waiver forms for Defendant Arpaio.

20        (4)  Plaintiff shall complete and return the service packet to the Clerk of Court within

21 20 days of the date of filing of this Order.  The United States Marshal will not provide

22 service of process if Plaintiff fails to comply with this Order.

23        (5)  If Plaintiff does not either obtain a waiver of service of the summons or complete

24 service of the Summons and Complaint on each Defendant within 120 days of the filing of

25 the complaint or within 60 days of the filing of this Order, whichever is later, the action may

26 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of

27 Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

28

**TERMPSREF**                                       

1    (6) The United States Marshal shall retain the Summons, a copy of the Complaint, and

2    a copy of this Order for future use.

3    (7)  The United States Marshal shall notify Defendant of the commencement of this

4    action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

5    Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The

6    Marshal shall file waivers of service of the summons or requests for waivers that were

7    returned as undeliverable as soon as they are received.  If a waiver of service of summons

8    is not returned by a Defendant within thirty days from the date the request for waiver was

9    sent by the Marshal, the Marshal shall:

10    (a)  Personally serve copies of the Summons, Complaint, and this Order upon

11    the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

12    (b)  Within 10 days after personal service is effected, file the return of service

13    for the Defendant, along with evidence of the attempt to secure a waiver of service of

14    the summons and of the costs subsequently incurred in effecting service upon the

15    Defendant.  The costs of service shall be enumerated on the return of service form

16    (USM-285) and shall include the costs incurred by the Marshal for photocopying

17    additional copies of the Summons, Complaint, or this Order and for preparing new

18    process receipt and return forms (USM-285), if required.  Costs of service will be

19    taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the

20    Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

21    (8) **A Defendant who agrees to waive service of the Summons and Complaint**

22    **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

23    (9)  Defendant shall answer the Complaint or otherwise respond by appropriate

24    motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

25    Rules of Civil Procedure.

26    (10) Any answer or responsive pleading shall state the Defendant by name on whose

27    behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or

28    paper that does not identify the Defendant by name on whose behalf it is filed.

TERMPSREF

- 4 -

1    (11)  Plaintiff shall serve upon Defendant, or if appearance has been entered by

2  counsel, upon counsel, a copy of every further pleading or other document submitted for

3  consideration by the Court.  Plaintiff shall include with the original document and copy, to

4  be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

5  the pleading or document was mailed to Defendant or counsel.  Any paper received by a

6  District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court

7  may be disregarded by the Court.

8    (12) At all times during the pendency of this action, Plaintiff shall immediately advise

9  the Court and the United States Marshal of any change of address and its effective date.

10  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall

11  contain only information pertaining to the change of address and its effective date.  Plaintiff

12  shall serve a copy of the notice on all opposing parties. The notice shall not include any

13  motions for any other relief. Failure to file a Notice of Change of Address may result in the

14  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules

15  of Civil Procedure.

16    (13) A clear, legible copy of every pleading or other document filed shall accompany

17  each original pleading or other document filed with the Clerk for use by the District Judge

18  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement

19  may result in the pleading or document being stricken without further notice to Plaintiff.

20    (14) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Local Rules

21  of Civil Procedure 72.1 and 72.2 for further proceedings.

22    DATED this 8th day of November, 2005.

23

24

25    Mary H. Murgula
      United States District Judge

26

27

28

TERMPSREF                                                    - 5 -